No. 23-2447

# IN THE UNITED STATES COURT OF APPEALS FOR THE SEVENTH CIRCUIT

LINDA THOMPSON, individually and on behalf of others similarly situated,

Plaintiff-Appellant,

v.

ARMY AND AIR FORCE EXCHANGE SERVICE,

Defendant-Appellee.

On Appeal from the United States District Court for the Southern District of Illinois, No. 3:22-cv-02799 (Yandle, J.)

## BRIEF FOR APPELLEE


BRIAN M. BOYNTON
*Principal Deputy Assistant Attorney General*

RACHELLE AUD CROWE
*United States Attorney*

MARK B. STERN
DANA KAERSVANG
URJA MITTAL
*Attorneys, Appellate Staff*
*Civil Division, Room 7248*
*U.S. Department of Justice*
*950 Pennsylvania Avenue NW*
*Washington, DC 20530*
*(202) 353-4895*

## TABLE OF CONTENTS

**Page**

TABLE OF AUTHORITIES .......... iii

STATEMENT OF JURISDICTION .......... 1

STATEMENT OF THE ISSUES .......... 2

PERTINENT STATUTES AND REGULATIONS .......... 2

STATEMENT OF THE CASE .......... 2

A. Statutory Background .......... 2

1. Federal Removal Statutes .......... 2

2. Fair Credit Reporting Act .......... 4

B. Factual Background and Prior Proceedings .......... 5

SUMMARY OF ARGUMENT .......... 9

STANDARD OF REVIEW .......... 13

ARGUMENT .......... 13

I. The Federal Government Properly Removed This Action. .......... 13

A. Under Section 1442(a)(1), The "United States Or Any Agency Thereof" May Always Remove An Action Against It To Federal Court. .......... 13

B. To The Extent It Was Necessary, The Federal Government Identified A Federal Bar To Suit. .......... 26

II. The District Court Properly Dismissed The Action. .......... 29

CONCLUSION .......... 40

CERTIFICATE OF COMPLIANCE

ADDENDUM

## TABLE OF AUTHORITIES

**Cases:** **Page(s)**

*Arizona v. Manypenny*,
451 U.S. 232 (1981) ........................................................................ 17

*Bassett v. ABM Parking Servs., Inc.*,
883 F.3d 776 (9th Cir. 2018) ............................................................ 27

*Bullock v. Napolitano*,
666 F.3d 281 (4th Cir. 2012) ............................................................ 31

*Charges of Unprofessional Conduct Against 99-37 v. Stuart, In re*,
249 F.3d 821 (8th Cir. 2001) ............................................................ 30

*City of Chicago ex rel. Rosenberg v. Redflex Traffic Sys., Inc.*,
884 F.3d 798 (7th Cir. 2018) ............................................................ 13

*City of Cookeville v. Upper Cumberland Elec. Membership Corp.*,
484 F.3d 380 (6th Cir. 2007) ........................................... 10, 22, 23, 24

*Cromar v. United States*,
816 F. App'x 235 (10th Cir. 2020) ..................................................... 31

*Department of Agric. Rural Dev. Rural Hous. Serv. v. Kirtz*,
601 U.S. 42 (2024) ........................................................................ 4, 8

*Doe v. Allied-Signal, Inc.*,
985 F.2d 908 (7th Cir. 1993) ............................................................ 39

*Fletcher v. United States*,
452 F. App'x 547 (5th Cir. 2011) ....................................................... 31

*Hammer v. U.S. Dep't of Health & Human Servs.*,
905 F.3d 517 (7th Cir. 2018) ..................................................... 24, 25

*Hendy v. Bello*,
555 F. App'x 224 (4th Cir. 2014) ....................................................... 31

*IMFC Prof'l Servs. of Fla., Inc. v. Latin Am. Home Health, Inc.*,
676 F.2d 152 (5th Cir. Unit B 1982) ................................... 12, 32, 34

*International Primate Prot. League v. Administrators of Tulane Educ. Fund*,
500 U.S. 72 (1991) .......... 15, 16, 23

*Jefferson County v. Acker*,
527 U.S. 423 (1999) .......... 28, 29

*Louisiana v. Sparks*,
978 F.2d 226 (5th Cir. 1992) .......... 30

*Lujan v. Defenders of Wildlife*,
504 U.S. 555 (1992) .......... 27

*Maine Ass'n of Interdependent Neighborhoods v. Commissioner, Me. Dep't of Human Servs.*,
876 F.2d 1051 (1st Cir. 1989) .......... 13, 33, 35, 36, 37

*Maine Ass'n of Interdependent Neighborhoods, Inc. v. Petit*,
644 F. Supp. 81 (D. Me. 1986) .......... 37

*Mayor v. Cooper*,
73 U.S. (6 Wall) 247 (1867) .......... 32

*Mesa v. California*,
489 U.S. 121 (1989) .......... 9, 10, 18, 19, 20, 21

*Meyers v. Nicolet Rest. of De Pere, LLC*,
843 F.3d 724 (7th Cir. 2016) .......... 27, 28

*Morris v. Nuzzo*,
718 F.3d 660 (7th Cir. 2013) .......... 38, 39

*Nationwide Inv'rs v. Miller*,
793 F.2d 1044 (9th Cir. 1986) .......... 18

*Rodas v. Seidlin*,
656 F.3d 610 (7th Cir. 2011) .......... 17

*Ruppel v. CBS Corp.*,
701 F.3d 1176 (7th Cir. 2012) .......... 19, 20

*S.S. Silberblatt, Inc. v. East Harlem Pilot Block*,
608 F.2d 28 (2d Cir. 1979) .......... 32

*Schur v. L.A. Weight Loss Ctrs., Inc.*,
577 F.3d 752 (7th Cir. 2009) .......... 39

*Spokeo, Inc. v. Robins*,
578 U.S. 330 (2016) .......... 27

*Tennessee v. Davis*,
100 U.S. 257 (1879) .......... 14, 15

*Western Sec. Co. v. Derwinski*,
937 F.2d 1276 (7th Cir. 1991) .......... 17, 30

*Willingham v. Morgan*,
395 U.S. 402 (1969) .......... 15

**U.S. Constitution:**

Art. III, § 2, cl. 1 .......... 10, 21

**Statutes:**

Act of Feb. 4, 1815, § 8, 3 Stat. 195, 198 .......... 15

Federal Courts Improvement Act of 1996,
Pub. L. No. 104-317, 110 Stat. 3847 .......... 6

15 U.S.C. § 1681c(g)(1) .......... 4, 5

28 U.S.C. § 1291 .......... 2

28 U.S.C. § 1331 .......... 1, 3

28 U.S.C. § 1441 .......... 1

28 U.S.C. § 1441(a) .......... 3

28 U.S.C. § 1441(b) .......... 6

28 U.S.C. § 1442(a) .......... 2

28 U.S.C. § 1442(a)(1) .......... 1, 3, 6, 10, 14

28 U.S.C. § 1447(c) .............................................................................. 4

**Legislative Materials:**

H.R. Rep. No. 104-798 (1996) .......................................................... 16, 17

S. Rep. No. 104-366 (1996) .................................................................. 16

**Other Authority:**

U.S. Army & Air Force Exchange Service, *About the Exchange* (2024), https://perma.cc/LC7J-6Y6T..................................................... 5

## STATEMENT OF JURISDICTION

Appellant's statement of jurisdiction is correct only in part. Plaintiff Linda Thompson filed suit in Illinois state court against the Army and Air Force Exchange Service, a federal agency within the U.S. Department of Defense, asserting claims under the Fair Credit Reporting Act. The Exchange removed this case to federal court pursuant to 28 U.S.C. § 1442(a)(1), noting that the action may also be removed pursuant to 28 U.S.C. §§ 1331 and 1441. *See* Dkt. No. 1 at 2.

On January 19, 2023, the district court entered an order affirming that the federal government properly removed this action to federal court and denying plaintiff's motion to remand the case. *See* Dkt. No. 17 at 2-4. In that same order, the district court dismissed the case without prejudice because plaintiff had conceded that she had not alleged a concrete injury and therefore lacked Article III standing. *See id.* at 4-5. On February 1, 2023, plaintiff filed a motion to alter or amend the judgment pursuant under Federal Rule of Civil Procedure 59(e). *See* Dkt. No. 18. On June 29, 2023, the district court denied plaintiff's motion. *See* Dkt. No. 21.

On July 25, 2023, plaintiff filed a timely notice of appeal. *See* Dkt. No. 22. This Court has jurisdiction under 28 U.S.C. § 1291.

## STATEMENT OF THE ISSUES

The questions presented on appeal are:

1. Whether the district court correctly concluded that the federal government properly removed this case brought against it under a federal statute.

2. Whether the district court properly dismissed the claims against the federal government after plaintiff conceded that she lacks Article III standing.

## PERTINENT STATUTES AND REGULATIONS

Pertinent statutes and regulations are reproduced in the addendum to this brief.

## STATEMENT OF THE CASE

### A. Statutory Background

#### 1. Federal Removal Statutes

Congress has authorized certain defendants, including the United States and its agencies, to remove civil actions filed against or directed to them from state court to federal court. The relevant removal statute, 28 U.S.C. § 1442(a), provides that "[a] civil action or criminal

prosecution that is commenced in a State court and that is against or directed to any of the following may be removed by them to the district court of the United States for the district and division embracing the place wherein it is pending." The statute then specifies the different categories of defendants that may remove pursuant to Section 1442(a). The first category of defendants includes, as relevant here, "[t]he United States or any agency thereof or any officer (or any person acting under that officer) of the United States or of any agency thereof, in an official or individual capacity, for or relating to any act under color of such office." *Id.* § 1442(a)(1).

Congress has enacted other removal statutes as well, including 28 U.S.C. § 1441(a), which provides that "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States," unless Congress has provided otherwise. Parties removing cases under Section 1441 typically also invoke the statute that would have established the jurisdiction of the district court had the case been originally filed in district court, such as 28 U.S.C. § 1331, which grants district courts

"original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."

In certain circumstances, a party may ask the federal court to remand a case that has been removed. For instance, if an action is improperly removed to federal court, a party may move to remand the case on the basis of the "defect" in removal within 30 days after the notice of removal is filed. 28 U.S.C. § 1447(c). The same statute provides that "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." *Id.*

**2. Fair Credit Reporting Act**

The Fair Credit Reporting Act provides, in relevant part, that "no person that accepts credit cards or debit cards for the transaction of business shall print more than the last 5 digits of the card number or the expiration date upon any receipt provided to the cardholder at the point of the sale or transaction." 15 U.S.C. § 1681c(g)(1). In *Department of Agriculture Rural Development Rural Housing Service v. Kirtz*, 601 U.S. 42 (2024), the Supreme Court held that the Fair Credit Reporting Act's requirements apply to the United States. *See id.* at 64.

### B. Factual Background and Prior Proceedings

The Army and Air Force Exchange Service is part of the U.S. Department of Defense and operates stores, restaurants, and other vendors on Army and Air Force bases throughout the world for military personnel and other customers. The Exchange's earnings support military morale, welfare, and recreation programs. *See* U.S. Army & Air Force Exchange Service, *About the Exchange* (2024), https://perma.cc/LC7J-6Y6T.

Plaintiff Linda Thompson filed a class complaint in Illinois state court alleging that the Exchange violated the Fair Credit Reporting Act, 15 U.S.C. § 1681c(g)(1), by printing the expiration date of her credit card on sales receipts at an Exchange store. Plaintiff filed suit on behalf of herself and other putative class members whose credit and debit card expiration dates were allegedly printed on sales receipts provided at Exchange stores. *See* Dkt. No. 1-1, ¶¶ 1, 27-28, 38. Plaintiff states that she was not injured by the alleged statutory violation in any way that would support Article III standing. *See* Br. 7; *see also* Dkt. No. 12 at 1, 3, 5, 6; Dkt. No. 18 at 6.

The government removed the complaint to federal district court on the ground that the case had been brought against a federal agency and therefore was removable under 28 U.S.C. § 1442(a)(1), in addition to being removable under 28 U.S.C. §§ 1331 and 1441(b) because it involved federal-law claims. *See* Dkt. No. 1. Plaintiff filed a motion to remand, *see* Dkt. No. 12, and the government filed a motion to dismiss for lack of standing, *see* Dkt. No. 13. The district court denied the motion to remand and granted the motion to dismiss the case. *See* Dkt. No. 17.

The district court concluded that the federal government had properly removed the case to federal court under Section 1442. The court explained that Congress amended Section 1442(a) in 1996 "to specifically allow removal by 'the United States or any agency thereof.'" Dkt. No. 17 at 3 (quoting Federal Courts Improvement Act of 1996, Pub. L. No. 104-317, 110 Stat. 3847, 3850). The court rejected plaintiff's argument that remand was warranted based on plaintiff's contention that the Exchange "fails to establish any plausible federal defense" to plaintiff's claims. *Id.* The court noted that "a plain reading of the current statute establishes that removal is appropriate when a civil

action is initiated in state court against the United States or an agency of the United States. No additional requirements, such as a plausible defense, are necessary." *Id.* The court explained that the judicially created requirement of a federal defense applies only to removal by federal officers and other individuals because in those cases, there might otherwise be no federal ingredient for Article III "arising under" jurisdiction. *See id.* at 3-4.

Having established that the government had properly removed the case to federal court, the district court concluded that dismissal was warranted. The district court held that, as plaintiff had conceded, she has not established Article III standing to proceed in federal court. *See* Dkt. No. 17 at 4-5; Dkt. No. 12 at 3-4. The district court explained that Section 1442 "grants independent jurisdictional grounds," so "once a case is properly removed pursuant to § 1442(a)(1), dismissal is appropriate if the court lacks subject matter jurisdiction due to plaintiff's lack of standing." Dkt. No. 17 at 5.

Plaintiff moved to alter or amend the judgment. The district court denied the motion for largely the same reasons set out in the initial dismissal order. *See* Dkt. No. 21. The district explained again that a

federal agency does not need to assert a colorable federal defense to remove under Section 1442. *See id.* at 3. The district court concluded in the alternative that, even if a federal defense were required, the Exchange had satisfied that requirement because it had asserted sovereign immunity and lack of Article III standing. *See id.*

Plaintiff appealed. Before briefing began, plaintiff moved to suspend the briefing schedule because the Supreme Court had granted certiorari in *Department of Agriculture Rural Development Rural Housing Service v. Kirtz*, 601 U.S. 42 (2024) to address the question whether the Fair Credit Reporting Act's requirements apply to the United States. In February, the Supreme Court answered that question in the affirmative. *See id.* at 64. *Kirtz* did not address the questions presented in this case about the propriety of the federal government's removal of claims brought against it in state court under the Fair Credit Reporting Act, and whether the district court is correct to dismiss such claims when the plaintiff concedes she lacks standing. After the Supreme Court issued its decision in *Kirtz*, briefing resumed in this case.

## SUMMARY OF ARGUMENT

**I.** The district court correctly concluded that the federal government properly removed this case and that dismissal was warranted. Section 1442(a)(1), known as the federal removal statute, provides that "[t]he United States or any agency thereof" may remove a civil action brought against it to federal court. Thus, the federal government is authorized to remove any case brought against it in state court. The history of the removal statute confirms that Congress crafted the federal government's removal protections to safeguard the government's prerogative to litigate claims brought against it in federal court.

While federal officers are required to allege a federal defense to remove actions brought against them to federal court, that rule has no application in the context of actions against the United States. That requirement was articulated by the Supreme Court in *Mesa v. California*, 489 U.S. 121 (1989), to ensure that the federal court to which the action is removed has "arising under" jurisdiction of the removed action under Article III of the Constitution. *Id.* at 136-37. An action against the United States need not come within a federal court's "arising under" jurisdiction, because the Constitution guarantees

Article III jurisdiction over all "[c]ontroversies to which the United States shall be a Party." U.S. Const. art. III, § 2, cl. 1. Thus, there is no constitutional basis for extending the federal-defense requirement to the United States or its agencies.

In addition, *Mesa* tethered the federal-defense requirement to Section 1442(a)(1)'s language stating that federal officers can remove actions brought against them to federal court if those actions were taken for "any act under color of [their] office." 28 U.S.C. § 1442(a)(1); *Mesa*, 489 U.S. at 134-35. That language in the statute applies only to federal officers, not to the United States or its agencies. Thus, there no statutory basis for extending the federal-defense requirement to the United States or its agencies either.

The Sixth Circuit—the only court of appeals to squarely consider this issue—arrived at this conclusion in *City of Cookeville v. Upper Cumberland Electric Membership Corp.*, 484 F.3d 380 (6th Cir. 2007), explaining that there is no constitutional or statutory reason to extend the atextual federal-defense requirement to removals by the federal government. *See id.* at 389-91. There is no basis for this Court to depart from the Sixth Circuit's approach.

Even if the United States were required to assert a federal bar to suit to confirm the propriety of removal, it did so here, as the district court concluded. A federal defense for removal purposes simply needs to be a defense to liability based in federal law, which the absence of Article III standing is. Accepting plaintiff's contrary interpretation of the federal removal statute would mean concluding that Congress intended to permit removal by the United States in a case like this except when the plaintiff cannot meet the constitutional prerequisites for suit. This Court should reject plaintiff's invitation to construe the federal removal statute to require a case brought against the federal government under a federal statute that could have been brought in federal court to be sent back to state court because plaintiff cannot establish the irreducible constitutional minimum for suit.

**II.** Because the federal government properly removed this case pursuant to the federal removal statute, dismissal, rather than remand, was proper when it became clear that the district court lacked subject matter jurisdiction. Section 1442(a)(1) reflects Congress's judgment that the United States and its agencies are entitled to have claims against them adjudicated in a federal forum. Federal courts have long

dismissed cases properly removed to federal court under Section 1442(a)(1) where subject matter jurisdiction is lacking because of sovereign immunity, and plaintiff provides no basis for this Court to depart from the federal judiciary's longstanding practice.

Dismissal is proper because Section 1442 "itself grants independent jurisdictional grounds over cases" removed by federal defendants to determine whether the case should proceed, unlike cases removed under other removal statutes, such as Section 1441. *IMFC Prof'l Servs. of Fla., Inc. v. Latin Am. Home Health, Inc.*, 676 F.2d 152, 156 (5th Cir. Unit B 1982). Thus, whereas a case removed pursuant to Section 1441 may be remanded under Section 1447(c) if the federal court lacks subject matter jurisdiction, the same result does not obtain under Section 1442. Removals under Section 1441 are "premised on the district court's having original jurisdiction over the case," so lack of subject matter jurisdiction means that the district court would never have had original jurisdiction over the case had it been filed in the district court in the first instance." *IMFC Prof'l Servs.*, 676 F.2d at 156 n.5. By contrast, the federal government's "right to remove" under Section 1442 does not depend on the federal court's having original

jurisdiction over the action, as in Section 1441, but instead "follows from the facts" that make removal proper—namely, that the defendant is the United States or an agency thereof. *Maine Ass'n of Interdependent Neighborhoods v. Commissioner, Me. Dep't of Human Servs.*, 876 F.2d 1051, 1054-55 (1st Cir. 1989). Thus, dismissal was the proper disposition here.

## STANDARD OF REVIEW

This Court reviews a district court's decision to dismiss for lack of subject matter jurisdiction de novo. *See City of Chicago ex rel. Rosenberg v. Redflex Traffic Sys., Inc.*, 884 F.3d 798, 802 (7th Cir. 2018).

## ARGUMENT

### I. The Federal Government Properly Removed This Action.

#### A. Under Section 1442(a)(1), The "United States Or Any Agency Thereof" May Always Remove An Action Against It To Federal Court.

**1.** Section 1442 provides that the United States, its agencies, and its officers may remove actions against or directed to them to federal court. Specifically, Section 1442(a) provides that "[a] civil action or criminal prosecution that is commenced in a State court and that is against or

directed to any of the following may be removed by them to the district court of the United States for the district and division embracing the place wherein it is pending." Section 1442(a)'s four subsections list the types of defendants that may remove actions to federal court as a matter of right. The first of these subsections, Section 1442(a)(1), permits removal to federal court by the "United States or any agency thereof." The statute separately allows removal by "any officer (or any person acting under that officer) of the United States or of any agency thereof, in an official or individual capacity, for or relating to any act under color of such office." 28 U.S.C. § 1442(a)(1).

The text of Section 1442(a)(1) establishes that the United States or any agency thereof can remove suits against it to federal court as the Exchange did here. The federal removal statute protects the federal government's prerogative to litigate any claims or defenses against it in federal court and does not specify any limits or constraints on removal. As the Supreme Court has explained in cases going back to *Tennessee v. Davis*, 100 U.S. 257 (1879), removal jurisdiction "is necessary for the preservation of the acknowledged powers of the government" and "required for the preservation of that supremacy which the Constitution

gives to the general government." *Id.* at 265-66. "The founders of the Constitution could never have intended to leave to the possibly varying decisions of the State courts what the laws of the government it established are, what rights they confer, and what protection shall be extended to those who execute them." *Id.* at 266.

The statute's history and purpose accord with its text. Earlier versions of the federal removal statute established the right of federal officers to remove cases brought against them to federal court. The first federal removal provision was enacted as "an attempt to protect federal officers from interference by hostile state courts." *Willingham v. Morgan*, 395 U.S. 402, 405 (1969) (citing Act of Feb. 4, 1815, § 8, 3 Stat. 195, 198). "[I]f their protection" were "left to the action of the State court," the Supreme Court explained, "the operations of the general government may at any time be arrested at the will of one of its members." *Id.* at 406 (quoting *Davis*, 100 U.S. at 263). Congress codified the unqualified right of federal agencies and the United States to remove suits to federal court in enacting the current removal provision in 1996 in response to the Supreme Court's decision in *International Primate Protection League v. Administrators of Tulane*

*Educational Fund*, 500 U.S. 72 (1991), which held that the federal removal statute, as it was then written, did not permit federal agencies to remove cases to federal court, *see id.* at 87. In amending the statute, Congress imposed no limitations on the federal government's authority to remove cases to federal court.

The House Report accompanying the legislation emphasized that "[a] federal forum in such cases is important since state court actions against federal agencies and officers often involve complex federal issues and federal-state conflicts." H.R. Rep. No. 104-798, at 19-20 (1996); *accord* S. Rep. No. 104-366, at 30-31 (1996). Noting that the amendments were designed to "legislatively reverse[]" the decision of the Supreme Court and several lower courts, the House Report stated that the "holdings in those cases directly contravened the statutory language." H.R. Rep. No. 104-798, at 20; *accord* S. Rep. No. 104-366, at 31. "The result of these decisions," the House Report noted, "has been that federal agencies have had to defend themselves in state court." H.R. Rep. No. 104-798, at 20. The amendments were designed to "fulfill[] Congress' intent that questions concerning the exercise of federal authority, the scope of federal immunity and federal-state

conflicts be adjudicated in federal court." *Id.*; *see Western Sec. Co. v. Derwinski*, 937 F.2d 1276, 1281 (7th Cir. 1991) ("invit[ing] Congress's attention to the hole that *Primate Protection League* ha[d] made in the consistent congressional policy of allowing the federal government to insist that suits against it be litigated in federal court because state courts might be tempted to treat the U.S. Treasury as the ultimate deep-pocket litigant").

In enacting Section 1442(a)(1), Congress was "animated by an approximately 200-year-old concern that the contours of federal power be determined by federal courts." *Rodas v. Seidlin*, 656 F.3d 610, 618 (7th Cir. 2011). The federal removal provision enshrines the federal government's "absolute" right of removal. *Arizona v. Manypenny*, 451 U.S. 232, 242 (1981). The ability of the United States to have claims against it adjudicated in a federal forum is distinct from the question whether Congress had made the United States subject to suit at all. It does not matter for purposes of removal whether the federal government has sovereign immunity to the claims asserted against it. Section 1442(a)(1) ensures that the government can remove actions brought against it whenever it "wishes [for the case] to be adjudicated

in federal court" even in the isolated cases where Congress has waived sovereign immunity. *Nationwide Inv'rs v. Miller*, 793 F.2d 1044, 1047 (9th Cir. 1986) (per curiam).

**2.** Plaintiff nevertheless urges the Court to imply the same limitation on the ability of the United States to remove suits that courts have implied in suits against federal officers. The federal-defense requirement for federal officers was articulated by the Supreme Court in *Mesa v. California*, 489 U.S. 121 (1989). At the time, the federal removal provision provided that "[a]ny officer of the United States or any agency thereof, or any person acting under him, for any act under color of such office" could remove a civil action or criminal prosecution to federal court. The statute did not expressly list the United States and its agencies as federal defendants with removal authority. *Id.* at 124. *Mesa* noted that the statutory phrase "for any act under color of such office" had been interpreted to require federal officers to allege a colorable federal defense to remove an action to federal court. *Id.* at 129. The Court explained that the assertion of a federal defense ensures that the case "arises under" federal law and therefore that the federal court would have Article III jurisdiction of the removed action.

*See id.* at 136-37. The Court stated, "it is the raising of a federal question in the officer's removal petition that constitutes the federal law under which the action against the federal officer arises for Art. III purposes." *Id.* at 136.

*Mesa* did not address the requirements for the removal of suits against the United States or federal agencies, and the rationale set forth in *Mesa* for requiring federal officers to articulate federal defenses to remove suits under Section 1442(a)(1) has no application to removals by the United States.

First, *Mesa* explained that the federal-defense requirement for federal officers was necessary to give effect to the relevant statutory language of Section 1442(a)(1), which permits federal officers to remove for acts performed "under color of [their] office." *Mesa*, 489 U.S. at 134-35; *Ruppel v. CBS Corp.*, 701 F.3d 1176, 1180 (7th Cir. 2012) (explaining that the federal-defense requirement is grounded in the "under color of office" component of Section 1442(a)(1)). That language in the statute does not apply to the United States or its agencies. In its present form, Section 1442(a)(1) provides that civil actions or prosecutions filed in state court may be removed by the "United States

or any agency thereof or any officer (or any person acting under that officer) of the United States or of any agency thereof, in an official or individual capacity, for or relating to any act under color of such office or on account of any right, title or authority claimed under any Act of Congress for the apprehension or punishment of criminals or the collection of the revenue." Thus, the language "for or relating to any act under color of such office" applies only to the "any officer (or any person acting under that officer) of the United States or of any agency thereof" who is a defendant seeking to remove an action, not to the "United States or any agency thereof."

Second, and equally important, there is no constitutional basis for imposing the federal-defense requirement on removals by the United States or a federal agency. *Mesa* explained that in an action against a federal officer, the assertion of a federal defense is necessary to ensure the constitutionality of removal by the United States or a federal agency, because the federal defense is the "federal law under which the action against the federal officer arises for Art. III purposes." *Mesa*, 489 U.S. at 136; *see also Ruppel*, 701 F.3d at 1180 (drawing on *Mesa* to explain that the federal-defense requirement "creates Article III

jurisdiction"). In an action against the United States or a federal agency, by contrast, there is no need for a federal defense, because Article III, section 2 already expressly provides that the federal "judicial Power shall extend … to Controversies to which the United States shall be a Party." U.S. Const., art. III, § 2, cl. 1. *Mesa* confirmed that the atextual federal-defense requirement was imposed to avoid "grave constitutional problems" with federal-officer removal under Section 1442(a)(1). 489 U.S. at 137. That requirement is not necessary to "preserve[] [Section 1442's] constitutionality" with respect to removals by the United States or federal agencies. *Id.*

In short, the federal-defense requirement was a requirement that the Supreme Court layered onto the statutory text to ensure the constitutionality of removals by federal officers under Section 1442(a)(1). No Article III concern is present in a suit in which the United States is the defendant. And the language that the Court believed mandated articulation of a federal-defense—"for or relating to any act under color of such office"—does not apply to the United States or its agencies. An atextual extension of that requirement to the United States is not warranted. Extending the federal-defense requirement to

removals by the United States would also defeat the purpose of the 1996 amendment that codified the federal government's unqualified right to a federal forum.

The only court of appeals to squarely address this issue recognized that the reasons for implying a federal defense in suits against officers have no application to suits against the United States and its agencies. *See City of Cookeville v. Upper Cumberland Elec. Membership Corp.*, 484 F.3d 380 (6th Cir. 2007). In *City of Cookeville*, the Sixth Circuit considered a dispute concerning the application of Tennessee state law to a city's annexation of territory and concluded that the federal agency defendant could properly remove the case to federal court. *Id.* at 383. The court of appeals held that "any federal agency sued can always remove under § 1442(a)(1)," because "where the United States or an agency thereof is a party, "[t]he requirement of a colorable federal defense[] … is not only not supported by the statutory language, but also is not necessary to ensure the constitutionality of § 1442(a) under Article III of the Constitution." *Id.* at 389, 391. As a textual matter, the court of appeals explained that the "'sued' clause in th[e] provision applies only to federal officers." *Id.* at 389. Reading the statute

otherwise "does not make sense because the United States and federal agencies are not 'sued in an official or individual capacity' and are not sued for an 'act under color of such office.'" *Id.* Accordingly, the Sixth Circuit explained, the Supreme Court had "rejected an interpretation of an earlier version" of Section 1442(a)(1) "that would have applied a similar 'sued' clause to agencies because under that interpretation, the statute 'read[] very awkwardly' because '[a]n agency would not normally be described as exercising authority "under color" of an "office."'" *Id.* (alterations in original) (quoting *International Primate Prot. League*, 500 U.S. at 80).

The court of appeals further explained that the Senate Report accompanying the 1996 amendments to the statute—which codified the unqualified removal authority of the United States—"in multiple places separates the 'sued' clause from reference to an agency and includes that clause only with reference to officers." *City of Cookeville*, 484 F.3d at 390. Finally, the Sixth Circuit explained that the federal-defense requirement "is not necessary to ensure the constitutionality of § 1442(a) under Article III of the Constitution," since *Mesa* had "reasoned that an interpretation of § 1442 requiring such a defense

ensures Article III jurisdiction by virtue of the case's 'arising under' federal law," but "[n]o such interpretation is required where the United States is a party." *Id.* at 391. The Sixth Circuit's reasoning from first principles applies equally here, and there is no basis for this Court to depart from the Sixth Circuit's approach.

In arguing to the contrary, plaintiff relies heavily on one sentence in the congressional committee reports accompanying the 1996 amendments. *See* Br. 21-23. That sentence stated that the amendments did "not alter the requirement that a Federal law defense be alleged for a suit to be removable pursuant to 28 U.S.C. 1442(a)(1)." Br. 22 (emphasis omitted) (quotation marks omitted). But that requirement had never been applied to the United States or its agencies as distinct from federal officers and is best understood as conveying that federal-defense requirement that *Mesa* had applied to federal officers would remain in place as to federal officers. The statutory and constitutional bases for that requirement, as set forth in *Mesa*, do not extend to the entities that Congress empowered to remove in 1996.

Plaintiff seeks to rely on *Hammer v. United States Department of Health & Human Services*, 905 F.3d 517 (7th Cir. 2018), which applied

the criteria applicable to the removal of a suit against a federal officer in an action against a federal agency without considering whether the federal-defense requirement is properly applied to a federal agency. In *Hammer*, a federal agency had removed a declaratory-judgment action filed against it by an Illinois state official in state court. *See id.* at 523-24. A panel of this Court considered several challenges to the agency's removal, none of which bore on whether the government was required to assert a federal defense under Section 1442(a)(1). *See id.* at 526-30. The government urged that suit was barred by sovereign immunity but did not suggest that it was doing so to establish a colorable federal defense. *See* Brief for Appellant at 14, 17-18, *Hammer*, 905 F.3d 517 (No. 18-2523), 2018 WL 3829906. And the decision did not directly address whether the judicially created federal-defense requirement extends to removals by the United States and federal agencies. *Hammer*, 905 F.3d at 528. The heart of the argument in *Hammer* was instead whether removal was proper on other grounds, whether the district court properly abstained from hearing the case, and whether the district court had erred in remanding the case to state court given the lack of derivative jurisdiction—all issues not relevant here.

Plaintiff relies on inapposite language from *Hammer* interpreting the meaning of the words "civil action" in Section 1442(a)(1), *see* Br. 20-21, but there is no question here that the case removed was a "civil action," so that language from *Hammer* has no application. And *Hammer* at no point "concluded § 1442(a) does not distinguish agencies from officers," as plaintiff asserts. Br. 20. Thus, *Hammer* does not provide the support that plaintiff claims.

### B. To The Extent It Was Necessary, The Federal Government Identified A Federal Bar To Suit.

Even assuming that the United States needed to identify a federal bar to suit, the district court properly concluded that the government had done so and that removal was proper. *See* Dkt. No. 21 at 3. A federal defense for removal purposes simply needs to be a defense to liability based in federal law, which the absence of Article III standing is. Plaintiff can point to no removal precedent indicating that lack of standing should be treated differently from any other federal defense to liability under Section 1442(a)(1). And contrary to plaintiff's assertions, even in contexts in which the defendant is required to assert a federal defense for purposes of removal under Section 1442(a)(1), neither the Supreme Court nor this Court has held that a federal defense is the

same as an "affirmative defense," and plaintiff identifies no precedent equating the two for purposes of removal, *see* Br. 18.

Plaintiff's position is particularly anomalous because it asks the Court to conclude that Congress intended to deprive the United States of a federal forum when plaintiff cannot meet the "irreducible constitutional minimum" for suit required by the United States Constitution. *Spokeo, Inc. v. Robins*, 578 U.S. 330, 338 (2016) (quoting *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992)). As this Court explained in *Meyers v. Nicolet Restaurant of De Pere, LLC*, 843 F.3d 724 (7th Cir. 2016), allegations like plaintiff's concerning the printing of expiration dates on receipts "are insufficient to satisfy the injury-in-fact requirement for Article III standing." *Id.* at 727; *see also id.* at 727-28 (noting that "Congress has specifically declared that failure to truncate a card's expiration date, without more, does not heighten the risk of identity theft" in legislative findings); *accord Bassett v. ABM Parking Servs., Inc.*, 883 F.3d 776, 780 (9th Cir. 2018) (discussing legislative findings that "'ma[de] clear that Congress *did not* think that the inclusion of a credit card expiration date on a receipt increases the risk of material harm of identity theft,' particularly in light of Congress's

concern about 'abusive' [Fair Credit Reporting Act] lawsuits" (first alteration in original)). Plaintiff has repeatedly conceded that she alleged no concrete harm and therefore does not have standing to proceed with her suit under the Fair Credit Reporting Act. *See* Dkt. No. 12 at 1, 3, 5, 6; Dkt. No. 18 at 6. This is a federal bar to suit under federal law. *See Meyers*, 843 F.3d at 729 n.5 ("[Plaintiff's] problem is that he has alleged no concrete harm or risk of harm. Therefore, he cannot avail himself of Congress' statutory damages remedy because he lacks standing."). It would defy logic to conclude that Congress crafted the federal removal statute in a way that would allow the government to remove to a federal forum any suit brought against it in state court, but the mere allegation by a plaintiff that the government violated a federal statute in a way that would be "completely divorced from any potential real-world harm" would require the case to be sent back to state court for the state court to adjudicate. *Meyers*, 843 F.3d at 729.

Plaintiff's argument that the district court improperly "assumed lack of standing sufficed" based on *Jefferson County v. Acker*, 527 U.S. 423 (1999), is without basis as well. Br. 19. The district court cited *Acker* in denying plaintiff's motion to alter or amend the judgment for the point

that "[i]n construing the colorable federal defense requirement, courts have rejected a 'narrow, grudging interpretation' of the statute." Dkt. No. 21 at 3 (quoting *Acker*, 527 U.S. at 431). That point remains good law, and it properly guided the district court's analysis of whether a defendant has satisfied the federal-defense requirement for removal purposes.

## II. The District Court Properly Dismissed The Action.

**A.** When a case is properly removed under Section 1442(a)(1) and the federal court to which the action is removed concludes that the plaintiff lacks standing, the case must be dismissed for lack of subject matter jurisdiction. Given plaintiff's concession that she was not injured and lacks standing to proceed on her claims, the district court properly dismissed the action.

As explained, Section 1442(a)(1) reflects Congress's judgment that the United States and its agencies are entitled to have federal courts determine their amenability to suit, and Congress clearly intended the determination made by the federal courts to be dispositive. That would not be the case, however, if a district court, after concluding that it did not have subject matter jurisdiction, had to send the claims back to

state court, even after the federal government had properly exercised its removal authority given by Congress. Such an outcome would undermine the structure and purpose of Section 1442(a)(1) and Congress's determination that the federal government has the right to a federal forum for claims brought against it.

Thus, the usual course—that a federal court is required to dismiss a case when it lacks subject matter jurisdiction—remains the proper disposition when a case reaches federal court following the federal government's removal under Section 1442(a)(1). *See Western Sec. Co.*, 937 F.2d at 1279 (explaining that if a suit is removed pursuant to Section 1442(a)(1), "the absence of subject-matter jurisdiction[] … requires that the case be dismissed"). For instance, federal courts to which a federal defendant removes a case under Section 1442(a)(1) dismiss the case when subject matter jurisdiction is lacking because of sovereign immunity. *See, e.g.*, *Louisiana v. Sparks*, 978 F.2d 226, 233-36 (5th Cir. 1992) (directing the dismissal of a case removed under Section 1442(a)(1) on sovereign-immunity grounds); *In re Charges of Unprofessional Conduct Against 99-37 v. Stuart*, 249 F.3d 821, 823-26 (8th Cir. 2001) (affirming the dismissal of a case removed under Section

1442(a)(1) on sovereign-immunity grounds); *Hendy v. Bello*, 555 F. App'x 224, 225-27 (4th Cir. 2014) (per curiam) (affirming the dismissal of a case that was removed under Section 1442(a)(1) for lack of subject matter jurisdiction on sovereign-immunity grounds); *cf. Cromar v. United States*, 816 F. App'x 235, 239-40 (10th Cir. 2020) (affirming the dismissal of a case removed by the federal government under Section 1442(a)(1) on sovereign-immunity grounds); *Bullock v. Napolitano*, 666 F.3d 281, 286 (4th Cir. 2012) (affirming the dismissal of a case removed under Section 1442(a)(1) after concluding both the state and federal courts lacked subject matter jurisdiction); *Fletcher v. United States*, 452 F. App'x 547, 552-53 (5th Cir. 2011) (per curiam) (affirming the dismissal of a case removed under Section 1442(a)(1) after concluding the district court lacked subject matter jurisdiction).

Plaintiff provides no basis for this Court to depart from the federal judiciary's longstanding practice. If the federal court to which a case is properly removed under Section 1442(a)(1) concludes that it lacks subject matter jurisdiction to hear the case, it must dismiss. That course is proper because "§ 1442 itself grants independent jurisdictional grounds over cases" against federal defendants to determine whether

the suit should be dismissed "where a district court otherwise would not have jurisdiction"; thus, the federal court can exercise that jurisdiction to dismiss an action for lack of subject matter jurisdiction. *IMFC Prof'l Servs. of Fla., Inc. v. Latin Am. Home Health, Inc.*, 676 F.2d 152, 156 (5th Cir. Unit B 1982). As the Supreme Court has explained, "two things are necessary to create jurisdiction" in the inferior federal courts: "The Constitution must have given to the court the capacity to take it, and an act of Congress must have supplied it." *Mayor v. Cooper*, 73 U.S. (6 Wall) 247, 252 (1867). Both requirements are satisfied when a case is properly removed under Section 1442(a)(1): Article III, section 2 gives federal courts the capacity to adjudicate controversies against the United States, and Section 1442(a)(1) supplies the necessary "concurrence" from Congress to "vest" the federal court with jurisdiction to decide whether the case can proceed. *Id.*; *accord S.S. Silberblatt, Inc. v. East Harlem Pilot Block*, 608 F.2d 28, 35 (2d Cir. 1979) (explaining that Section 1442(a)(1) "confers jurisdiction as well as the right of removal"). Thus, the federal court to which a case is removed under Section 1442(a)(1) can decide whether it can hear the case and can

decide to dismiss the case if, for instance, the plaintiff lacks Article III standing to proceed.

**B.** Plaintiff relies on Section 1447(c) to contend that the district court erred in dismissing the case, but that provision has no application here. Section 1447(c) provides, in relevant part, that "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." This provision does not require remand in a case properly removed by the federal government pursuant to Section 1442(a)(1) in which the plaintiff lacks Article III standing to proceed on her claims in federal court.

As explained, Congress ensured the federal government the "right to remove" cases filed against it to federal court in Section 1442(a)(1). The federal government's "right to remove" under Section 1442(a)(1) "follows from the facts" that make removal proper—namely, the fact that the defendant is the United States or an agency thereof. *Maine Ass'n of Interdependent Neighborhoods v. Commissioner, Me. Dep't of Human Servs.* (*MAIN*), 876 F.2d 1051, 1055 (1st Cir. 1989). Congress made clear in the text of Section 1442(a)(1) that nothing more is required for

the federal government to ask that a federal court decide whether claims brought against the government may proceed.

Remand under Section 1447(c) may be proper when a case is improperly removed to federal court or when a case is removed pursuant to other removal provisions, such as Section 1441. That is because removal under Section 1441 requires that the case could have been brought in the federal court in the first instance. As the Fifth Circuit has explained, because a removal under Section 1441 "is premised on the district court's having original jurisdiction over the case," "[l]ack of subject matter jurisdiction is a defect in the initial removal." *IMFC Prof'l Servs.*, 676 F.2d at 156 n.5.

That is not the case under Section 1442(a)(1). Hence, when the federal government removes a case under Section 1442(a)(1), and the federal court finds no waiver of sovereign immunity, the case is dismissed, not remanded. This Court has never held that a suit properly removed under Section 1442(a)(1), to which the government has sovereign immunity, must first be remanded to state court for the state court to decide whether to dismiss the case. Dismissal is likewise proper here. When Congress amended Section 1442(a)(1) to ensure the

United States would have an unqualified right of removal, it did not mean for suits against the federal government (under a federal statute, no less) in which a plaintiff can show no concrete and particularized injury to be sent back to state court for further adjudication. Construing Section 1442(a)(1) that way would have the effect of denying the federal government the removal protections that Congress so carefully conferred.

The First Circuit's decision in *MAIN*, 876 F.2d 1051 (1st Cir. 1989), accords with this understanding. Although *MAIN* did not involve a removal under Section 1442(a)(1), it explained why removal under Section 1442(a)(1) compels a different result when a plaintiff lacks standing than removal under Section 1441 does. In *MAIN*, a Maine state official removed a challenge to state regulations under Section 1441, and the First Circuit held that the case should be remanded under Section 1447(c), because the plaintiff lacked standing. *See MAIN*, 876 F.2d at 1052.

In so holding, the First Circuit explained that that remand would be improper if an action were instead removed under Section 1442(a)(1). *See MAIN*, 876 F.2d at 1053. When a federal defendant removes under

Section 1442(a)(1), that defendant's "right to remove does not depend upon the federal court's having 'original jurisdiction' over the action," as it does when a case is removed under Section 1441. *MAIN*, 876 F.2d at 1054. Instead, the federal defendant's right to remove "follows from the fact[]" that the defendant is an officer of the United States being sued for an act under color of office. *MAIN*, 876 F.2d at 1054. Thus, the First Circuit explained, if the federal officer defendant in *MAIN* stayed in the case after the case was remanded, the federal officer would remain free to remove the action to federal court again under Section 1442(a)(1). *See id.* at 1055. And if the federal officer were to remove under Section 1442(a)(1), the First Circuit explained that "the district court would have to dismiss the action." *Id.* at 1055. The state official could not remove the case again under Section 1441, however, because the state defendant would be unable to show that the federal court had "'original jurisdiction' over the action" given plaintiff's lack of standing. *Id.* at 1054.

Plaintiff is wrong to assert that *MAIN* "confirms remand is required." Br. 24. To the contrary, *MAIN* underscores that a federal defendant has the unqualified right to remove a case to federal court under

Section 1442(a)(1), and once removed, "plaintiff's lack of standing requires dismissal, not remand." *MAIN*, 876 F.2d at 1054. Since *MAIN*'s reasoning did not turn on the fact that the federal removal statute covered only officers at the time, its reasoning applies equally to removals by the federal government under the federal removal statue in its present form.

The *MAIN* court quoted with approval another decision that concluded that "when a case is removed under § 1442(a)(1), plaintiff's lack of standing requires dismissal, not remand." *MAIN*, 876 F.2d at 1055 (citing *Maine Ass'n of Interdependent Neighborhoods, Inc. v. Petit*, 644 F. Supp. 81, 84-85 (D. Me. 1986)). That decision explained that "[i]f section 1447(c) were thought to require remand, due to plaintiff's lack of standing, following a proper removal under section 1442(a)(1), the 'absolute right' of a federal officer to obtain removal of an action brought against him for his official acts would be defeated." *Maine Ass'n of Interdependent Neighborhoods*, 644 F. Supp. at 84. As the court explained, neither Section 1442(a) nor Section 1447(c) should be interpreted as requiring a result that "would defeat the strong federal interest underlying the removal statute." *Id.*

Subsequent amendments to these statutes have not altered their fundamental design and purpose, contrary to plaintiff's suggestions. *See* Br. 26 n.4. In any event, plaintiff's dispute with "pre-1988 cases" involving Section 1447(c) does not deprive the First Circuit's decision in *MAIN* of its persuasive force, since *MAIN* postdates 1988 and does not rely on the older language from Section 1447(c) that plaintiff deems irrelevant here. *See* Br. 26 & n.4. In fact, none of the changes to either Section 1442 or Section 1447(c) in the years since *MAIN* bear on the First Circuit's reasoning. Thus, plaintiff can conjure no basis for this Court to depart from the First Circuit's understanding of Sections 1442 and 1447(c).

Plaintiff's generalized invocation of the principle that "doubts regarding removal are resolved in favor of the plaintiff's choice of forum in state court" is irrelevant as well. Br. 24 (quoting *Morris v. Nuzzo*, 718 F.3d 660, 668 (7th Cir. 2013)). In *Morris,* this Court was confronted with the question whether removal was proper, and it explained that "[t]he party seeking removal bears the burden of proving the propriety of removal" and "doubts regarding removal are resolved in favor of the plaintiff's choice of forum in state court." *Id.* at 668. None of this bears

on the question whether dismissal was proper. The circumstances in *Morris*, which involved the fraudulent joinder doctrine and diversity jurisdiction, also bear no resemblance to this case. *See id.* at 666-68. Moreover, *Morris* (and all of the cases underlying its invocation of the principle on which plaintiff relies) involved removal under Section 1441. *See Morris*, 718 F.3d at 665; *Schur v. L.A. Weight Loss Ctrs., Inc.*, 577 F.3d 752, 758 (7th Cir. 2009); *Doe v. Allied-Signal, Inc.*, 985 F.2d 908, 911 (7th Cir. 1993). Here, by contrast, the federal government properly removed the case under Section 1442(a)(1). Following removal, it is for the federal court to decide whether the claims against the federal government can be heard. Because plaintiff does not have Article III standing, the district court properly dismissed the action.

## CONCLUSION

For the foregoing reasons, the judgment of the district court should be affirmed.

Respectfully submitted,


BRIAN M. BOYNTON
*Principal Deputy Assistant Attorney General*

RACHELLE AUD CROWE
*United States Attorney*

MARK B. STERN
DANA KAERSVANG

*s/ Urja Mittal*
URJA MITTAL
*Attorneys, Appellate Staff*
*Civil Division, Room 7248*
*U.S. Department of Justice*
*950 Pennsylvania Avenue NW*
*Washington, DC 20530*
*(202) 353-4895*
*urja.mittal@usdoj.gov*


July 2024

## CERTIFICATE OF COMPLIANCE

This brief complies with the type-volume limit of Federal Rule of Appellate Procedure 32(a)(7)(B), because it contains 7,764 words. This brief also complies with the typeface and type-style requirements of Federal Rules of Appellate Procedure 32(a)(5) and 32(a)(6), because it was prepared using Word for Microsoft 365 in Century Schoolbook 14-point font, a proportionally spaced typeface.

*s/ Urja Mittal*
URJA MITTAL

# ADDENDUM

## TABLE OF CONTENTS

U.S. Constitution, Article III, Section 2 ............ A1

28 U.S.C. § 1331 ............ A2

28 U.S.C. § 1441 ............ A3

28 U.S.C. § 1442 ............ A4

28 U.S.C. § 1447 ............ A5

**U.S. Constitution, Article III, Section 2**

The judicial power shall extend to all cases, in law and equity, arising under this Constitution, the laws of the United States, and treaties made, or which shall be made, under their authority;--to all cases affecting ambassadors, other public ministers and consuls;--to all cases of admiralty and maritime jurisdiction;--to controversies to which the United States shall be a party;--to controversies between two or more states;--between a state and citizens of another state;--between citizens of different states;--between citizens of the same state claiming lands under grants of different states, and between a state, or the citizens thereof, and foreign states, citizens or subjects.

In all cases affecting ambassadors, other public ministers and consuls, and those in which a state shall be party, the Supreme Court shall have original jurisdiction. In all the other cases before mentioned, the Supreme Court shall have appellate jurisdiction, both as to law and fact, with such exceptions, and under such regulations as the Congress shall make.

The trial of all crimes, except in cases of impeachment, shall be by jury; and such trial shall be held in the state where the said crimes shall have been committed; but when not committed within any state, the trial shall be at such place or places as the Congress may by law have directed.

**28 U.S.C. § 1331**

**§ 1331. Federal question**

The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States.

**28 U.S.C. § 1441**

**§ 1441. Removal of civil actions**

(a) Generally.—

Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending.

* * *

**28 U.S.C. § 1442**

**§ 1442. Federal officers or agencies sued or prosecuted**

(a) A civil action or criminal prosecution that is commenced in a State court and that is against or directed to any of the following may be removed by them to the district court of the United States for the district and division embracing the place wherein it is pending:

> (1) The United States or any agency thereof or any officer (or any person acting under that officer) of the United States or of any agency thereof, in an official or individual capacity, for or relating to any act under color of such office or on account of any right, title or authority claimed under any Act of Congress for the apprehension or punishment of criminals or the collection of the revenue.
>
> (2) A property holder whose title is derived from any such officer, where such action or prosecution affects the validity of any law of the United States.
>
> (3) Any officer of the courts of the United States, for or relating to any act under color of office or in the performance of his duties;
>
> (4) Any officer of either House of Congress, for or relating to any act in the discharge of his official duty under an order of such House.

* * *

**28 U.S.C. § 1447**

**§ 1447. Procedure after removal generally**

* * *

(c) A motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal under section 1446(a). If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded. An order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal. A certified copy of the order of remand shall be mailed by the clerk to the clerk of the State court. The State court may thereupon proceed with such case.

* * *